## UNITED STATES v. CASTERLIN et al.

### (Circuit Court, N. D. California. June 26, 1908.)

### No. 13,915.

**1. ADVERSE POSSESSION (§ 70*)—COLOR OF TITLE.**

To constitute color of title, the title claimed must be founded on some written instrument, and a mere occupancy of public land by an Indian by permission of the government does not give him color of title thereto.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 398; Dec. Dig. § 70.*]

**2. PUBLIC LANDS (§ 120*)—SUIT TO CANCEL PATENT—FRAUD.**

An applicant for the purchase of an isolated tract of public land under Act Feb. 26, 1895, c. 133, 28 Stat. 627 (U. S. Comp. St. 1901, p. 1519), on a form prepared by the land department, who, pursuant to the requirement of such form and the regulations of the department, made affidavit that the land was not occupied by any one having color of title thereto, is not chargeable with fraud, which authorizes a cancellation of the patent, because a portion of the land was at the time occupied by an Indian, who did not have color of title, or because of a failure to state the fact of such occupancy, in the absence of an actual fraudulent intent, notwithstanding a rule of the department to refuse all applications for the purchase of land so occupied; there being no presumption that the applicant had knowledge of such rule.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 120.*]

**3. ADVERSE POSSESSION (§ 70*)—"COLOR OF TITLE."**

"Color of title" is a technical term, and means that which in appearance is title, but in fact is not a good title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 395; Dec. Dig. § 70.*]

For other definitions, see Words and Phrases, vol. 2, pp. 1264–1273; vol. 8, p. 7606.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity.

George Clark, Asst. U. S. Atty.

J. H. G. Weaver and W. F. Clyborne, for defendants.

DE HAVEN, District Judge. This is an action brought by the United States to obtain a decree canceling a patent issued to the defendant Mary A. Casterlin for 40 acres of land, part of section 26, township 2 S., range 5 E., Humboldt meridian. The land was purchased from the government by the defendant Casterlin as an isolated tract of land, under Act Feb. 26, 1895, c. 133, 28 Stat. 627 (U. S. Comp. St. 1901, p. 1519), which provides:

"It shall be lawful for the Commissioner of the General Land Office to order into market and sell for no less than one dollar and twenty-five cents per acre any isolated or disconnected tract or parcel of the public domain less than one-quarter section which in his judgment it would be proper to expose to sale after at least thirty days' notice by the land officers of the district in which such lands may be situated: Provided, that the land shall not become so isolated or disconnected until the same has been subject to homestead entry for a period of, three years after the surrounding land has been entered, filed upon, or sold by the government."

The application to purchase was made by the defendant Casterlin on April 30, 1900, and the patent issued August 8, 1901. At the time of the filing of the application to purchase the rules and regulations of the Department of the Interior required the applicant—

"to furnish an affidavit, made by himself and duly corroborated by two witnesses, setting forth the character of the land, stating whether it is covered with timber or contains stone or any minerals, whether it is agricultural in character, for what purpose the land would be chiefly valuable, and why he desires the same ordered into the market. It must also be shown that the tract is unoccupied by any one having color of title thereto."

The defendant Casterlin's application to purchase complied in form with this regulation of the Department of the Interior, and stated, among other things, that the tract of land sought to be purchased was not "occupied by any one having color of title thereto." The bill alleges that this statement was false in fact, and was made by the defendant Casterlin for the purpose of deceiving the complainant, and that the complainant was deceived thereby, and issued its patent to the land applied for, and that the falsity of said statement was not ascertained until after the issuance of the patent. The bill further alleges that at the time the application to purchase was made the said land was in occupation and possession of an Indian known as "Indian Jimmie"; that he had been living on the land for a number of years with his family; that he had a house and other improvements thereon, and had cultivated a small portion thereof for garden purposes, for a number of years; and that—

"the defendant Casterlin did, for the purpose of misleading and deceiving the complainant, willfully and intentionally conceal from the said complainant the fact of said occupancy, and said affidavit was false and fraudulent."

The defendant Lyons purchased the land from his codefendant on January 31, 1901.

The bill of complaint alleges that he made such purchase with full knowledge of the fact that the land had been entered under a false statement and affidavit made by his grantor. The defendants filed separate answers, denying all the material allegations of the bill.

There is a decided conflict in the evidence as to whether the house in which "Indian Jimmie" lived at the date of the filing of defendant Casterlin's application to purchase was upon the land in controversy; but my conclusion is that the preponderance of evidence is to the effect that it was not, but was standing a few feet distant, upon an adjoining quarter quarter section. But all of the witnesses agreed that a log cabin used by the Indian as a barn, and a small chicken house, also a cultivated garden containing about one-fourth of an acre and a small field of about 1½ acres, were upon the land in dispute, and in the possession of "Jimmie." I think this constituted such an occupancy of the land on the part of the Indian as would have prevented its sale by the government if the fact had been brought to the attention of the officers of the land department; it being the rule of that department, as promulgated by a circular dated May 31, 1884—

"to peremptorily refuse all entries and filings attempted to be made by others than the Indian occupants upon land in the possession of Indians who have made improvements of any value whatever thereon." 6 Land Dec. Dep. Int. 341.

The question, then, to be determined, is whether there was any fraudulent misrepresentation or concealment upon the part of the defendant Casterlin in making her application to purchase said land. The application, as has been said, was in the form prescribed by the rules and regulations of the land department, and if the statement therein contained, to the effect that the land was not occupied by any one having color of title thereto, is true, there was no false statement of any matter in relation to which the government sought information. The contention of the government is that this statement was false in fact, and that "Indian Jimmie" was an occupant under color of title.

I am unable to agree with this contention. The phrase "color of title" is a technical term, and is defined as that which in appearance is title, but in fact is not a good title. Wright v. Mattison, 18 How. 56, 15 L. Ed. 280; Packard v. Moss, 68 Cal. 126, 8 Pac. 812. In Bouvier's Law Dictionary, it is defined as:

"An apparent title founded upon a written instrument, such as a deed, levy of execution, decree of court, or the like."

In Lindt v. Uihlein, 116 Iowa, 48, 89 N. W. 215, the court, speaking of what constitutes "color of title," said:

"It involves, also, the idea of some deed of conveyance, or some paper or document, upon which the holder may reasonably rely as vesting in him the real ownership of the land."

And the Supreme Court, in Deffeback v. Hawke, 115 U. S. 407, 6 Sup. Ct. 102, 29 L. Ed. 423, said:

"There can be no color of title in an occupant who does not hold under any instrument, proceeding, or law purporting to transfer to him the title or to give to him the right of possession."

The fact that in this case "Indian Jimmie" was in occupation of a portion of the tract applied for, with the permission of the government, did not give him color of title to the land, as that phrase is defined in the above-cited cases; and it cannot, therefore, be said that the statement contained in the application, to the effect that there was no occupant of said land having color of title thereto, was false.

But it is further urged that in any event there was a fraudulent concealment on the part of the defendant Casterlin in not disclosing the fact of the Indian's occupancy. It is sufficient to say in answer to this contention that there is nothing in the evidence which would warrant the court in finding that the omission to state the fact of such occupancy was intended to mislead the officers of the land department, or to conceal from them any fact which the applicant believed she was required to make known in order for the officers of the land department to exercise a proper judgment in passing upon her application to purchase, and without such fraudulent intent the omission to state the fact was not a fraudulent concealment. There is no presumption of law that the defendant was familiar with the practice of the department to refuse to permit the entry of public lands in the occupancy of an Indian. On the contrary, in the absence of evidence tending to show that she knew that the statement of such fact was material, she was warranted in believing that she was not required to furnish information in relation to any fact not called for by the rules and regulations of the land department, brought to her attention at the time.

It may be proper to add that since the application to purchase this land was made by the defendant Casterlin, the Department of the Interior has so amended its rules in relation to the purchase of lands of this character as to require the applicant to state whether the land applied for is in fact occupied, and, if so, to state the nature of such occupancy, "so that the department can determine whether the occupancy is such that should require withholding the land from sale," and so long as the rules thus amended remain in force a question like that presented in the present case is not likely to again arise.

In my opinion, the government has failed to sustain the allegations of the bill, and judgment must therefore be entered dismissing the action.